[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Following an evidentiary hearing on April 27, 1999, the Court has carefully considered the testimony of the parties, the CT Page 6670 financial affidavits of the parties submitted at the hearing, the statutory criteria and applicable case law in connection with the following motions post judgment:
Number Date Title
350 2/23/99 Plaintiff'S Motion for Attorney Fees
355 3/5/99 Defendant's Motion for Order Regarding
Visitation
356 3/5/99 Defendant's Motion for Order For Make-Up
Visitation Due to Illness
358 3/9/99 Plaintiff's Motion for Contempt
360 3/9/99 Plaintiff's Motion to Modify Alimony
361 3/16/99 Defendant's Motion for Counsel Fees
364 3/19/99 Plaintiff's Motion for Contempt
365 3/23/99 Defendant's Motion to Restrain
366 3/23/99 Defendant's Motion for Counsel Fees
At the commencement of the hearing, Attorney Hecht orally withdrew motion to correct judgment dated April 6, 1998 (#313). All of the other enumerated motions are included in the Court's following findings and orders.
 FINDINGS
1. That the defendant's earning capacity of $125,000 per year as found by Judge Vertefeuille on March 2, 1999 continues to be the defendant's earning capacity as of April 27, 1999.
2. That there has been no change in circumstances to warrant an increase in the amount of alimony the defendant is presently paying the plaintiff i.e. $250 per week.
3. That neither party is willfully in contempt of the orders CT Page 6671 of this Court or have purged themselves of any alleged contempt prior to the hearing.
4. That the parties are not complying with previous orders of the Court relative to the van and unreimbursed medical expenses incurred for the benefit of the minor children.
5. That the defendant has caused the plaintiff to incur legal fees unnecessarily in connection with his failure to pay child support as ordered by the Court.
 ORDERS
1. Motion #350. The defendant is ordered to pay the plaintiff attorney's fees in the amount of $5,000 within one year from the date of this order.
2. Motion #355. The plaintiff is ordered to comply with the visitation practice since 1995.
3. Motion #356. Motion denied.
4. Motion #358. No finding of contempt. However, the parties are ordered to comply with all of the provisions of Section 46b-84d of the Connecticut General Statutes. As to any claim by the plaintiff against the defendant for medical bills she claims to have paid, she is ordered to cooperate with the defendant in seeking reimbursement from his medical insurance carrier.
 The defendant's liability for the van payments terminated upon the dissolution of the marriage of the parties. His only obligation was to bring the van payments current. He shall receive a credit from the plaintiff for any amounts he paid in connection with the van over and above the loan payments.
5. Motion #360. Motion denied.
6. Motion #361. Motion denied.
7. Motion #364. Motion denied.
8. Motion #365. Motion denied. CT Page 6672
9. Motion #366. Motion denied.
By the Court
John R. Caruso, J.